# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **HARRY ANDREW LIPPERT, JR.** § | |
| Plaintiff § | **Case No.: 1:10-cv-343** |
| v. § | |
| **ABSOLUTE ACCOUNT RESOLUTIONS, LLC** § | **ORIGINAL COMPLAINT AND JURY DEMAND** |
| Defendant § | |

Plaintiff, HARRY ANDREW LIPPERT, JR. brings suit against Defendant ABSOLUTE ACCOUNT RESOLUTIONS, LLC for defendant's violations of Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. ("FDCPA") and the Texas debt collection act, Tex. Fin. C. § 392.001 et seq.

## A.   JURISDICTION AND VENUE

1. The Court has federal question jurisdiction over this lawsuit because the action arises under a federal statute, the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. Jurisdiction of the Court arises under 28 U.S.C. 1331 in that this dispute involves predominant issues of federal law, the FDCPA. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202. The court has supplemental jurisdiction under 28 U.S.C. §1367 over Plaintiff's state law claims because said claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

2. Venue in this District because all or a substantial part of the events or omissions giving rise to their claims occurred in Travis County, Texas.

3. Plaintiff is an individual who resides in Travis County, Texas.

4. Defendant ABSOLUTE ACCOUNT RESOLUTIONS, LLC is a foreign limited liability corporation organized and existing under the laws of the State of Pennsylvania. Defendant may be served with process by serving the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701 as its agent for service because defendant engages in business in Texas but does not maintain a regular place of business in this state, or a designated agent for service of process, and this suit arose out of defendant's business in this state.  Tex. Civ. Prac. & Rem. Code §§17.044(b), 17.045; F.R.C.P. 4(h)(1)(B). The Texas Secretary of State may also forward a copy of the summons and complaint to the home office of defendant, Absolute Account Resolutions, LLC, 921 Oak St, Scranton PA 18508 (Lackawanna County).

5. The court has jurisdiction over defendant. Defendant has purposefully availed itself of the privileges and benefits of conducting business in Texas by attempting to collect debts from Texas consumers, and doing so in a manner that violated the FDCPA and the Texas debt collection act. Tex. Civ. Pract. Rem. C. § 17.042.

6. All conditions precedent necessary to maintain this action have been performed or have occurred.

## B.   STATEMENT OF FACTS

7. Defendant is a debt collector. On or about December 31, 2008 defendant sent plaintiff a letter demanding payment of $12,220.47, of which it claimed $6,538.34 was interest and $5,682.12 in principle. The letter did not identify the alleged original creditor. The letter listed a "client reference number" and the initials BOA.

8. The letter was the initial written communication from the debt collector. However, the letter

did not contain statements required by law. Defendant did not inform the consumer of his right to require the debt collector to obtain verification that the debt if the consumer notified the debt collector in writing within 30 days of receipt of the first collections letter that the consumer disputed some or all of the debt.

9. Indeed, the collections letter did quite the reverse. The letter stated that if plaintiff did not, within 35 days, pay the full amount or enter into a payment agreement that defendant, that the defendant would send the account to an attorney in the consumer's area for possible legal action.

10. Although defendant did not identify the original creditor, because of the "BOA" initials and reference number listed in the collections letter plaintiff speculated that defendant might be referring to a Bank of America credit card he had many years ago. However, the statute of limitations for the Bank of America debt had expired.

11. On or about January 17, 2009 plaintiff sent defendant a letter demanding verification of the debt, disputing the amount of the debt, and notifying the debt collector that the debt that it appeared to be collecting was, in fact, time-barred.

12. Defendant has never verified the debt. Instead, defendant has continued to attempt to collect the debt by sending collection letters.

13. On or about March 24, 2009 defendant sent plaintiff yet another letter demanding payment on the time barred debt, this time on the letterhead of an attorney claiming to be defendant's "in house counsel."

14. On or about June 11, 2009 defendant sent plaintiff another collections letter demanding payment, again ignoring plaintiff's request for verification.

15. On September 10, 2009 defendant sent plaintiff yet another collections letter, again ignoring plaintiff's request for verification. The letter threatened litigation if plaintiff did not pay the alleged debt within five days. In fact, defendant did not file suit when plaintiff did not pay the time barred alleged debt.

16. It is part of the pattern and practice of defendant to send out collection letters threatening litigation on debts that are time barred.

17. It is part of the pattern and practice of defendant to threaten litigation if defendant does not immediately receive payment when in fact defendant has no intention of ever filing suit.

18. The purpose of defendant's pattern and practice of threatening suit on time-barred debts to create a false sense of urgency and to intimidate consumers into paying alleged debts for which defendant has no legal right to force payment.

19. Defendant has not filed a bond with the Texas Secretary of State. Tex. Fin. C. § 392.102 requires defendant, as a pre-requisite collect consumer debts in Texas, to post a bond with the Texas Secretary of State in the amount of $10,000.

20. It is part of the pattern and practice of defendant to refuse post a bond for the purpose of depriving Texas consumers of even the most minimal security to enforce their rights against rogue debt collectors. Defendant's refusal to post the bond also competitively disadvantages legitimate debt collector who incur the additional expense of complying with the bonding requirement. The refusal to post a bond encourages a "race to the bottom" for thinly capitalized rogue debt collectors to violate with impunity the rights the Texas legislature has given to Texas consumers.

21. Defendant's actions listed in the above statement of facts were taken willfully and wantonly

in direct violation of the rights of plaintiff, and of the rights of Texas consumers generally.

22.  In the alternative, defendant's actions were merely a negligent error or omission. However, the FDCPA and the Texas debt collection act are strict liability statutes. Therefore, whether or not defendant's actions were intentional is no defense to liability.

### COUNT # 1: Violations of the federal Fair Debt Collection Practices Act.

23.  Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

24.  The purpose of the FDCPA is to eliminate abusive practices and to ensure that legitimate debt collectors are not competitively disadvantaged. 15 U.S.C. 1692(a)(e) ("It is the purpose of [the FDCPA] to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.")

25.  Congress designed the FDCPA to be enforced primarily through private parties – such as plaintiff – acting as "private attorneys general." See S. Rep. No. 382, 95th Con., 1st Sess. 5, ("The committee views this legislation as primarily self-enforcing; consumers who have been subject to debt collection abuses will be enforcing compliance.")

26.  Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

27.  Defendant is a "debt collector" as that term is defined in 15 U.S.C. § 1692a(6).

28.  The obligation alleged by defendant to be owed by Plaintiff is a "debt" as defined by 15 U.S.C. § 1692a(5).

29.     Defendant violated the following sections of the FDCPA: 15 U.S.C. 1692d - g.  By way of example and not limitation defendant violated the FDCPA by taking the following actions in an attempt to collect a debt or in connection with an attempt to collect a debt: engaging conduct the natural consequence of which is to harass, oppress, or abuse any person; using false, deceptive or misleading representations or means; using a unfair or unconscionable means; falsely representing the character, status, and amount of the debt; the false representation or implication that any individual is an attorney of that any communication is from an attorney; threatening to take an action that cannot legally be taken or that is not intended to be taken; the use of any false representation or deceptive means to collect or attempt to collect any debt; using unfair or unconscionable means to collect or attempt to collect any debt; the collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law; violating the validation and notice rights of plaintiff; and failing to cease collection efforts or verify an alleged debt after receiving a written demand for verification within 30 days of the initial communication.

### COUNT # 2: Violations of the Texas debt collection statute, Tex. Fin. C. § 392.001 *et seq*

30.     Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

31.     Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and by Tex. Fin. C. § 392.001(1).

32.     Defendant is a "third-party debt collector" as that term is defined in Tex. Fin. C. § 392.001(7).

33. The obligation alleged by defendant to be owed by plaintiff is a "consumer debt" as that term is defined in Tex. Fin. C. § 392.001(2).

34. Defendant violated Tex. Fin. C. § 392.001 et seq., the Texas debt collection act. By way of example and not limitation, in connection with an attempt to collect a consumer debt Defendant violated the act by: failing to cease collection attempts when it receives a timely written dispute until such time as the debt collector verifies the debt; failing to post and maintain a bond with the Texas Secretary of State prior to seeking to alleged an alleged consumer debt in Texas; misrepresenting the character, status, and amount of the debt; making fraudulent, deceptive, or misleading representations; using an unfair or unconscionable means to collect a debt; threatening to take and actually taking an act prohibited by law; oppressing, harassing, or abusing a person; collecting or attempting to collect interest or a charge, fee, or expense incidental to the obligation unless the interest or incidental charge, fee, or expense is expressly authorized by the agreement creating the obligation or legally chargeable to the consumer; and/or using any other false representation or deceptive means.

35. A prevailing consumer in a Texas debt collection protection action is entitled to statutory damages of $100.00 in *per violation*, and mandatory attorney's fees and cost, and these are so sought. The Texas debt collection practices act specifically authorizes "injunctive relief to prevent or restrain violations" of the act, Tex. Fin. C. § 392.403(a)(1), and such injunctive relief is sought.

### C. JURY DEMAND.

36. Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

### D. PRAYER

37. For these reasons, Plaintiff asks for judgment against Defendant for the following:

    i. The above referenced relief requested;

    ii. Statutory damages of up to $1,000.00 pursuant to 15 U.S.C. § 1692k (FDCPA);

    iii. Statutory damages of no less than $100 per violation pursuant to Tex. Fin. C. § 392.403(e) (Texas debt collection act);

    iv. Attorney fees;

    v. Costs of court;

    vi. Prejudgment and post-judgment interest as allowed by law;

    vii. Costs of suit;

    viii. General relief;

    ix. An injunction preventing Defendant from engaging in similar unlawful conduct now and in the future;

    x. All other relief, in law and in equity, both special and general, to which Plaintiff may be justly entitled.

> Respectfully submitted,
>
> /s/
>
> Ahmad Keshavarz
> Attorney for Plaintiff
> State of Texas Bar Number: 24012957
>
> The Law Offices of Ahmad Keshavarz

16 Court St., 26th Floor
Brooklyn, NY 11241-1026

Phone: (718) 522-7900
Fax:     (877) 496-7809 (toll-free)
Email: ahmad@AustinConsumerAttorney.com